**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **LEROY HODGE,** | ) D.C. CV. NO. 2006-187 |
|     Plaintiff, | ) |
| | ) Ref.:    T.CT. CR. NO. F/47/1994 |
|     v. | )           T.CT. MISC. NO. 92/1994 |
| | )           D.C. CV. NO. 1998/0137 |
| **ROSALDO HORSFORD,** | ) |
| **ORSEL EDNEY,** | ) |
| **DEBRA LIBURD,** | ) |
| **SONIA MAYNARD-LIBURD,** | ) |
|     Defendants. | ) |
| _____ | ) |

**O R D E R**

**THIS MATTER** is before the Court on *pro se* Plaintiff Leroy Hodge's civil rights complaint brought pursuant to 42 U.S.C. §1983,[1] and the Eighth and Fourteenth Amendments to the United States Constitution. Hodge filed the instant complaint against Defendants in their individual capacities alleging that his constitutional rights were violated when Defendants willfully, maliciously, and

---

[1] Title 42 U.S.C. § 1983 (civil action for deprivation of rights) provides that:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

*Hodge v. GVI*
D.C. CV. NO. 2006-187
Order
Page 2

vindictively suspended[2] him from the Reentry Program ("Program") at the Golden Grove Adult Correctional Facility without due process.

The relevant facts as set forth in the complaint are as follows. Hodge entered the Program on or about October 25, 2005. On March 29, 2006, while visiting his case manager's office, the case manager left to get a drink of water and locked the door with Hodge inside her office. Hodge proceeded to read the newspaper. Then, while escorting a government official on an inspection of the facility, Chief of Security, Orsel Edney, came upon Hodge in the office. Edney asked Hodge what he was doing there, and Hodge responded that he was there to "place a phone call to the court." (Complaint at 3.) Edney notified Hodge that his case manager had left the compound, and directed him to return to his unit. Upon return to his unit, Hodge was informed by his dorm officer that he was suspended from the Program.

On that same date, Mr. Edney documented the incident in a memo to Warden Rosaldo Horsford, and noted that, "no one should be left in those office[s] if the Re-Entry personnel is not there," and speculated about his suspicion that there was "some kind of involvement" between Hodge and the case manager. (Complaint, Ex. B.)[3]

---

[2] In a letter from Program Coordinator, Debra K. Liburd, dated May 12, 2006, Hodge was notified of his suspension from the Reentry Program from March 29, 2006 through July 28, 2006.

[3] Hodge attaches as exhibits to his Complaint, correspondence not directed to him, but rather internal correspondence between Warden Horsford,
(continued...)

*Hodge v. GVI*
D.C. CV. NO. 2006-187
Order
Page 3

The following day, March 30, 2006, the case manager wrote to the Project Coordinator Liburd that it was out of habit that she had locked the door to her office with Hodge inside; that she had informed her co-worker that she was leaving, but the co-worker apparently did not hear her; that she left the compound to purchase a bottle of water from the gas station; and that there was no inappropriate involvement between herself and Hodge. Hodge was removed from the Program in August 2006. He prays for damages of Fifty Thousand Dollars ($50,000.00) from each Defendant.

  The Government seeks dismissal of the complaint for failure to state a claim upon which relief can be granted, and lack of subject matter jurisdiction. The government also argues that: (1) the Defendants have qualified immunity; (2) Hodge failed to exhaust administrative remedies; (3) Hodge failed to properly serve the Defendants; (4) Hodge's alleged injuries were proximately caused by his own conduct, act, and omissions; and (5) Hodge failed to properly plead damages.

  A plaintiff may bring suit under 42 U.S.C. § 1983 against any person who, acting under the color of law, deprived him or her of a right secured by the Constitution or other law. *See* 42 U.S.C. § 1983

---

  [3](...continued)
Chief of Security Edney, Case Manager Taylor, and Project Coordinator Liburd. That correspondence deals largely with legitimate security concerns which arose as a result of the case manager's actions in leaving the prisoner unattended in her office with access to the computer, telephone, inmates' files, sensitive documents and other personal belongings.

*Hodge v. GVI*
D.C. CV. NO. 2006-187
Order
Page 4

(2000). In order to prevail on a due process claim, a plaintiff must demonstrate the existence of a protected liberty interest, and that protected liberty interest may arise from either of two sources, the Due Process clause itself or the laws of a state. *See Hewitt v. Helms,* 459 U.S. 460, 466 (1983), *abrogated by Sandin v. Conner*, 515 U.S. 472, 472-73 (1995).

In determining the sufficiency of a *pro se* complaint, the Court is mindful to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court accepts as true the factual allegations in the complaint, construes the complaint in the light most favorable to Hodge, and determines whether, under any reasonable reading of the complaint, he may be entitled to relief. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted). Hodge is entitled to relief if his complaint sufficiently alleges deprivation of any right "secured by the Constitution." *See* 42 U.S.C. § 1983.

Hodge's complaint fails to state a claim under 42 U.S.C. § 1983, and there are no serious liberty interests, and no fundamental violations of constitutional rights that might militate against dismissal of this complaint. To participate in the Program, Hodge signed an agreement which stated, *inter alia*, that, "[t]his is not an entitlement program and any services are at the sole discretion of the Reentry staff." (Pl.'s Ex. A, Offender Agreement to participate in Reentry AND Release of Information Form #2.) After giving liberal

*Hodge v. GVI*
D.C. CV. NO. 2006-187
Order
Page 5

construction and accepting the factual allegations as true, the Court finds that Hodge can prove no facts that would entitle him to relief. Hodge had no constitutional right to participate in this Program, and no constitutional right was violated in his removal from said program. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (holding that an inmate has no legitimate statutory or constitutional entitlement in eligibility for a rehabilitative program sufficient to invoke due process when the eligibility decision is discretionary with prison officials). Hodge has not alleged deprivation of any right secured by the Constitution.  Accordingly, it is hereby

**ORDERED** that the Government's motion to dismiss is **GRANTED**; and further

**ORDERED** that other pending motions, if any, are **DENIED as moot**; and finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this file.

                              **E N T E R:**

                                              /s/
                              _____
                              **RAYMOND L. FINCH**
                              **SENIOR DISTRICT JUDGE**

**Copies to:**
    George W. Cannon, Jr., Magistrate Judge
    Leroy E. Hodge, Golden Grove Adult Correctional Facility, Rural Route 1,
        Kingshill, VI 00851 (Please Mark: LEGAL MAIL: Open In Presence of
        Inmate Only)
    Richard Schrader, Jr., AAG
    Law Clerk-TLB